UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA MYERS, | ) |
| Plaintiff, | ) |
| vs. | ) 11 C 231 |
| | ) Judge Feinerman |
| CONDOMINIUMS OF EDELWEISS, INC., an Illinois corporation, EUGENE SMACIARZ, CLORINDA LOPEZ, JUDITH A GALATI, MARY LOU DEGEDIO, and RENEE WEIGHILL, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Barbara Myers has been a resident of the Condominiums of Edelweiss ("Condominiums") in Palos Park, Illinois, since 1997. Despite a condominium rule prohibiting pets, Myers kept a cat in her unit at all times. Condominiums discovered the cat's presence in 2008 and demanded its removal. Myers responded with a short letter from her doctor stating that she suffered from various mental and emotional illnesses and that the cat was medically necessary under the Americans with Disabilities Act.

Undeterred, Condominiums continued to demand the cat's removal; when Myers demurred, Condominiums filed a forcible entry and detainer action in state court seeking Myers' eviction. *Condominiums of Edelweiss, Inc. v. Myers*, No. 08 M5 1993 (Cir. Ct. Cook Cnty, Ill.). Condominiums ultimately withdrew its request to evict Myers and instead sought an injunction enforcing the no-pet rule and prohibiting her from keeping a cat in her unit. Myers answered and asserted an affirmative defense under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, arguing that her request to keep a cat sought a reasonable accommodation under the FHA.

Myers did not file a counterclaim for damages or any kind of affirmative relief under either the FHA or any other federal or state law.

On February 25, 2000, after a bench trial, the state trial court granted judgment to Myers. While finding that the condominium's no-pet rule "was valid and enforceable," the court denied the Condominiums' request for an injunction, with this explanation:

> The Court … must balance the equities between the parties and when doing so notes that [Myers] has had a cat in her unit for 11 years without any claim of violation or nuisance and the cat is needed as an accommodation for her emotional illness. Using a balancing test the defendant prevails. Therefore, the complaint for Injunctive Relief and Attorneys fees and costs [is] denied.

The Condominiums did not appeal, so the state judgment is final.

Myers brought this federal suit almost a year later against Condominiums and the individual members of its Board of Managers, alleging that they violated the FHA and intentionally and negligently inflicted emotional distress on her by demanding the cat's removal, by refusing her request for a reasonable accommodation, and by prosecuting the state lawsuit. Myers has moved for judgment on the pleadings on the FHA claim, and Defendants have cross-moved for summary judgment on all Myers' claims. Both motions are denied.

Myers' motion presents two arguments. The first, which requires little discussion, is that because the complaint and its attachments plead facts supporting each element of Myers' FHA claim, Myers has established as a matter of law that Defendants violated the FHA. The argument is wholly without merit. Defendants' answer denies the complaint's central allegations, including (a) that Myers was disabled or regarded as disabled within the meaning of the FHA and (b) that the request to keep her cat sought a reasonable accommodation under the FHA. Judgment on the pleadings is appropriate only where the pleadings leave no dispute that

the moving party is entitled to judgment. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Given the answer's denial of Myers' central allegations, that has not happened here.

Myers' second argument is that Defendants may not oppose her FHA claim in this suit because the state court denied the Condominiums' request for injunctive relief on the ground that Condominiums had violated the FHA. Although she does not use the term, Myers is invoking collateral estoppel, a doctrine also known as issue preclusion. Whether preclusion may be invoked in federal court turns on the rendering jurisdiction's preclusion law. *See Burke v. Johnston*, 453 F.3d 665, 669 (7th Cir. 2006). In Illinois, issue preclusion applies if "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997). Further, "a decision on the issue must have been necessary for the judgment in the first litigation, and the person to be bound must have actually litigated the issue in the first suit." *Ibid.*; *see also Allianz Ins. Co. v. Guidant Corp.*, 900 N.E.2d 1218, 1230 (Ill. App. 2008) ("Issue preclusion bars subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in a subsequent action.") (internal quotation marks omitted).

Myers' issue preclusion argument fails on at least two grounds. First, it does not appear from the face of the state court's opinion that the court actually decided that Condominiums had violated the FHA by attempting to evict Myers or her cat under the no-pet rule. To the contrary, the state court's use of the terms "balance the equities" and "balancing test" indicates that its decision rested on the proposition that issuing an injunction would be inequitable as a matter of

state law.  Second, assuming that the state court decision could be read as holding that Condominiums violated the FHA, Myers has not even attempted to show that the (supposed) FHA holding was necessary to the court's rejection of the Condominium's claim for injunctive relief.  Myers' failure to raise, let alone demonstrate, a necessary component of her preclusion argument is a forfeiture.  *See Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1038 (7th Cir. 2006); *Palmer v. Marion Cnty.*, 327 F.3d 588, 597-98 (7th Cir. 2003).  Myers could not have made the necessary showing in any event.  To deny Condominiums' request for injunctive relief, all the state court had to do under Illinois law was hold that the equities favored Myers; it did not have to go so far as to hold that Condominiums violated the FHA.  *See generally Crain Enters., Inc. v. City of Mound City*, 544 N.E.2d 1329, 1328 (Ill. App. 1989) ("A court of equity will normally balance the hardship imposed on a defendant by a proposed injunction against the benefit to be derived by the plaintiff.").

Defendants' summary judgment motion fares no better.  Defendants submit that because Myers could have asserted her FHA and state law emotional distress claims as counterclaims in the state lawsuit, they are barred by res judicata, a doctrine also known as claim preclusion. Under Illinois law, "[f]or the doctrine of *res judicata* to apply, the following three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies."  *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998).  As applied to counterclaims, Illinois claim preclusion law provides as follows:

> [C]ounterclaims in Illinois are permissive rather than compulsory. Consequently, a defendant may generally raise his or her claims by way of either a counterclaim or a separate action.  *Res judicata* bars a subsequent action only if the successful prosecution of the action would in effect nullify the judgment entered in the prior litigation.  The rationale behind

> this rule is that a defendant should not be required to assert his or her claims in the forum chosen by the plaintiff but should be allowed to bring suit at a time and place of his or her own selection.

*Whittmanhart, Inc. v. CA, Inc.*, 932 N.E.2d 520, 527-28 (Ill. App. 2010) (citations omitted); *see also Cnty. of Cook v. MidCon Corp.*, 773 F.2d 892, 909 n.10 (7th Cir. 1985) (same). Thus, among the other requirements for claim preclusion, Defendants must demonstrate that (a) Myers could have brought FHA and state law emotional distress counterclaims in Condominiums' state lawsuit and (b) success by Myers in this federal action would nullify the state judgment.

Defendants do not raise, let alone grapple with, either issue. To establish that Myers' FHA and state tort damage claims could have been brought as counterclaims in Condominiums' state lawsuit, Defendants would have had to address and distinguish *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999), which held that "[c]ounterclaims seeking money damages are not germane to forcible entry claims" and thus may not be raised in a forcible entry suit. *Id*. at 559 (quoting *Am. Nat'l Bank v. Powell*, 691 N.E.2d 1162, 1170 (Ill. App. 1997)). And even if Defendants managed to surmount that hurdle, they would have had to establish that Myers' success in this case would nullify the state judgment—a tricky proposition given that the state judgment was rendered in *Myers*' favor. Given the lack of briefing, it cannot be said with certainty that any effort by Defendants to deal with those issues was doomed to failure. But Defendants did not even try, and the court is not obligated to develop and make argument on their behalf. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th

Cir. 1999) ("judges are busy people" and "they are not going to do [a party's] research and try to discover whether there might be something to say" on the party's behalf).

September 14, 2011                                      _____
                                                            United States District Judge